```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```

Michael Taylor,

                     Petitioner,    CV-06-4501; CR-02-0097
    - against -                     (CPS)

United States of America,       MEMORANDUM
                                   OPINION AND
                    Respondent.    ORDER

```
----------------------------------X
```

SIFTON, Senior Judge.

In 1994, petitioner Michael Taylor ("Taylor" or "Petitioner") was convicted of making false statements in violation of 18 U.S.C. § 1001. On March 14, 2002, defendant Michael Taylor pled guilty before this Court to filing a fraudulent tax return in violation of 18 U.S.C. § 287. When he failed to appear at his scheduled sentencing, a bench warrant was issued. Thereafter, he was arrested, tried, and convicted on different charges in New Jersey and was removed to federal custody by writ of habeas corpus *ad prosequendum* to be sentenced in this Court in connection with his 2002 plea. Presently before this Court is Taylor's petition for a writ of habeas corpus on the basis of the New York State Supreme Court's failure to assign an index number to an omnibus motion petitioner sought to file.

BACKGROUND

The following facts are taken from the submissions of the

parties in connection with this motion. They are undisputed.

In 1994 Michael Taylor was convicted in this Court on a plea of guilty to making false statements in violation of 18 U.S.C. §1001, as a result of his submission of a false income tax return claiming a refund. On March 2, 1994 he was sentenced to a term of incarceration of 21 months, a three-year period of supervised release term and a $50 special assessment. He was released from custody on January 1, 1995 and completed and was discharged from supervised release on January 3, 1998.

On March 14, 2002 Taylor pled guilty in this Court to a one-count indictment charging him with filing a fraudulent 1998 tax return claiming a $6,884 refund, in violation of 18 U.S.C. § 287. According to the Pre-Sentence Investigation Report ("PSR") dated May 6, 2002, the defendant filed fifty-nine fraudulent tax return claims for tax year 1998, claiming tax refunds totaling more than $238,000.

On July 2, 2002 Taylor failed to appear at his scheduled sentencing. After he again failed to appear for a rescheduled July 11, 2002 sentencing, an arrest warrant was issued by this Court.

On November 5, 2002 Taylor was arrested on a different charge in New Jersey. That same day the United States Marshals Service for the District of New Jersey filed a detainer with the Hackensack police department based on the July 11, 2002 bench

warrant. On February 3, 2003 a New Jersey grand jury charged Taylor in a 21-count indictment with passing false checks, committing two armed robberies, attempting to elude arrest, attempting and causing serious bodily injury to four uniformed police officers with a deadly weapon, and resisting arrest, all in violation of New Jersey's penal code.

Taylor was convicted by a New Jersey jury and his sentencing in that matter was scheduled for September 2005. However, prior to sentencing, the government removed the defendant from New Jersey to federal custody at the Metropolitan Detention Center in Brooklyn, New York ("MDC") pursuant to a federal writ of habeas corpus *ad prosequendum* in order to have the defendant appear on July 21, 2005 before this Court in the 02-CR-0097 sentencing.

On August 17, 2006, Taylor filed a habeas petition in this Court naming the Supreme Court of the State of New York as respondent. Petitioner alleges that the Supreme Court of New York failed to assign an index number to an omnibus motion petitioner sought to file, thereby denying him his constitutional right to have access to the courts. In the omnibus motion, petitioner sought to proceed in forma pauperis and to obtain certified copies of information related to his criminal conviction. Petitioner states that he sought to file the omnibus motion prior to filing a motion pursuant to Section 440.10 of the New York State Criminal Procedure Law ("CPL") to collaterally

attack one of his convictions.[1]  On October 10, 2006, Taylor filed a request to enter default against the government[2] for its failure to respond by the date set in this Court's Order to Show Cause dated August 30, 2006.

DISCUSSION

"A writ of habeas corpus functions to grant relief from unlawful custody or imprisonment and must be sought against the authority that has custody of the petitioner." *Colebut v. Mashantucket Pequot Tribal Nation Tribal Elders Council*, 2007 WL 174383, at *3 (D.Conn. 2007) (citing *Bell v. I.N.S.*, 292 F.Supp.2d 370, 373 (D.Conn. 2003).  *See also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The proper respondent to a habeas petition is the person who has custody over the petitioner.") (internal quotations and citations omitted).  "For purposes of habeas jurisdiction," *Rodney v. I.N.S.*, 462 F.Supp.2d 285, 289-90 (D.Conn. 2006), the petitioner's custodian "is the warden of the prison or the facility where the detainee is held, . . . because it is the warden that has day-to-day control over the prisoner

---

[1] Petitioner does not specify which conviction he seeks to attack.

[2] Petitioner requests that default be entered against the "respondent" in the action.  The named respondent is the Supreme Court of the State of New York.  However, because petitioner's request related to this Court's Order to Show Cause calling upon the government to respond by September 19, 2006, I assume that petitioner means his request to relate to the government, not the respondent named in the case.  I granted the government's October 12, 2006 motion for an extension to file its response out of time.  The government filed its response on October 18, 2006.

and who can actually produce the body." *Id* (quoting *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir.1994)).[3] Petitioner has named as Respondent the Supreme Court of New York State, which is not petitioner's current custodian. The warden of the Metropolitan Detention Center ("MDC") is defendant's current custodian. Because petitioner has not named his current custodian as respondent, habeas relief cannot be granted.

In any event, viewed under the liberal standards for *pro se* pleadings[4], the petition does not allege facts that would entitle Taylor to relief against MDC officials. For example, there is no claim that MDC officials interfered with Taylor's efforts to file pleadings in New York State Supreme Court. The New York State Supreme Court's allegedly improper conduct does not render Taylor's confinement in this federal case unlawful. Therefore, because this petition does not name the proper respondent, nor does it relate to the fact or duration of Taylor's confinement,

---

[3] Though inapplicable to the case at hand, I note that "[t]he authority with physical custody over the petitioner, however, is not always the only authority with 'legal' custody sufficient to confer subject matter jurisdiction." *Rodney v. I.N.S.*, 462 F.Supp.2d 285, 290 (D.Conn. 2006) (citations omitted). According to the Second Circuit, "the writ is available to those who, although not actually imprisoned, suffer such a curtailment of liberty as to render them 'in custody.'" *Simmonds v. I.N.S.*, 326 F.3d 351, 354 (2d Cir. 2003). In addition, "the Second Circuit recognizes custody in a future jailor where 'there is a reasonable basis to apprehend that the jurisdiction that obtained the consecutive sentence will seek its enforcement.'" *Rodney*, 426 F.Supp.2d at 290 (citing *Simmonds*, 326 F.3d at 355).

[4] Because the petition was filed *pro se*, the court must give petitioner "every reasonable opportunity to demonstrate a valid complaint," *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir. 1991), and construe the "pro se petitioner's motion liberally in his favor." *Vasquez v. United States of America*, 1999 WL 549004, at *2 (S.D.N.Y. 1999); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

habeas corpus relief is inappropriate. *See e.g., Valentin v. U.S.*, No. 92-2836, 1993 WL 32742 (E.D.N.Y. 1993); *Bagguley v. Matthews*, No. 89-2031, 1992 WL 160999 (D.Kan. 1992). Accordingly, Taylor's petition is dismissed.

CONCLUSION

For the reasons set forth above, Taylor's petition for a writ of habeas corpus is denied.

The clerk is directed to transmit a copy of the within to the parties and to the magistrate judge.

SO ORDERED.

Dated: Brooklyn, New York
February 14, 2007

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge